The Honorable Christine Pratt Clerk of Circuit Court, Hendry County Post Office Box 1760 LaBelle, Florida 33935
Dear Ms. Pratt:
You have asked for this office's assistance in resolving several issues. These questions are based on the assumption of a successful referendum vote creating the City of Port LaBelle, Florida, no later than August 30, 1994.
Your questions are substantially as follows:
1. If the City of Port LaBelle is created by referendum, can the city receive local option gas tax money pursuant to section336.025, Florida Statutes, if it does not meet the requirements of Parts II and VI of Chapter 218, Florida Statutes?
2. If the referendum vote creates the City of Port LaBelle, is the city eligible for half-cent sales tax money imposed pursuant to Part VI, Chapter 218, Florida Statutes, if it does not meet the criteria in section 165.061, Florida Statutes?
In sum:
1. The City of LaBelle may receive a share of the local option gas tax revenues imposed under section 336.025, Florida Statutes, as it meets the requirements imposed therein.
2. In allowing for the creation of the City of Port LaBelle, the Legislature has determined that the provisions of section 165.061, Florida Statutes (1993) relating to municipal incorporation have been met. Therefore, the City of Port LaBelle is eligible to receive a portion of the local government half-cent sales tax provided pursuant to Part VI, Chapter 218, Florida Statutes (1993).
The 1994 Legislature enacted Ch. 94-480, Laws of Florida, authorizing a referendum vote to create the City of Port LaBelle. The city will be located in portions of both Glades and Hendry Counties. As Clerk of the Circuit Court for Hendry County you are in the process of preparing a budget for the county and have asked for assistance in resolving these issues in order to accurately forecast anticipated revenue.
Question One
Section 336.025(4)(b), Florida Statutes (1993), provides in part that:
Any newly incorporated municipality which is eligible for participation in the distribution of moneys under parts II and VI of chapter 218 and which is located in a county levying the tax imposed pursuant to paragraph (1)(a) or paragraph (1)(b) is entitled to receive a share of the tax revenues. Distribution of such revenues to a newly incorporated municipality shall begin in the first full fiscal year following incorporation.
Thus, if the newly created City of Port LaBelle is eligible to participate in the distribution of tax moneys under Parts II and VI, Chapter 218, Laws of Florida, and is located in a county or counties that levy the local option gas tax, the city is entitled to receive a share of the tax revenues. The only qualification for sharing in the local option gas tax proceeds is that the municipality be eligible to participate in the Chapter 218 programs; no requirement is imposed that a municipality do more.
The enabling legislation for the City of Port LaBelle states that "[t]he City of Port LaBelle shall be entitled to participate in the State of Florida Shared Revenues Programs and qualify as provided in chapter 218, Florida Statutes, for all similar programs effective July 1, 1994." In light of this language, I am of the opinion that pursuant to section 336.025(4)(b), Florida Statutes (1993), the City of Port LaBelle may participate in the distribution of the local option gas tax.
Question Two
Pursuant to section 218.63(1), Florida Statutes (1993):
Only those units of local government which meet the eligibility requirements for revenue sharing pursuant to s. 218.23 shall participate in the local government half-cent sales tax. However, a municipality incorporated subsequent to [April 19, 1982], which does not meet the applicable criteria for incorporation pursuant to s. 165.061 shall not participate in the local government half-cent sales tax. . . .
Thus, in order for any municipality incorporated after April 19, 1982, to participate in the local government half-cent sales tax, it must comply with the criteria for incorporation set forth in section 165.061, Florida Statutes (1993).
Chapter 165, Florida Statutes (1993) is the Formation of Municipalities Act. The purpose of the act is to provide standards, direction, and uniform procedures for the creation of municipalities and the provision of municipal services. The act requires that a charter for incorporation of a municipality may be adopted "only by a special act of the Legislature upon determination that the standards herein provided have been met." (e.s.) Thus, incorporation of the City of Port LaBelle may only be accomplished by special act of the Legislature after it is determined that the standards provided in Chapter 165, Florida Statutes (1993), have been met, including those provisions of section 165.061(1), Florida Statutes (1993).
In allowing for the creation of the City of Port LaBelle in Chapter 94-480, Laws of Florida, the Legislature has presumptively determined that the provisions of section 165.061, Florida Statutes (1993), and the other provisions of Chapter 165, Florida Statutes (1993), have been met. Based on this determination, it is my opinion that the city may participate in local half-cent sales tax revenues pursuant to Part VI, Chapter 218, Florida Statutes (1993).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] It is the policy of this office to decline to comment on questions of a speculative nature. See, Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions, Annual Report of the Attorney General (1992), p. ix. In this case you have asked about the effect of legislation that has not yet been implemented. You are charged with preparing a budget for the fiscal year beginning October 1, 1994, and must anticipate expenditures from county funds.
Because of the time constraints involved, you must seek clarification of this matter before the referendum on the creation of the City of Port LaBelle can be conducted. Under these circumstances this office has previously made exceptions to its policy and will assist you in resolving these questions. Cf., Op. Att'y Gen. Fla. 83-64 (1983).
[2] See, s. 2, Ch. 94-480, Laws of Florida.
[3] Part II, Chapter 218, Florida Statutes (1993), is the Florida Revenue Sharing Act of 1972.
[4] Part VI, Chapter 218, Florida Statutes (1993), sets forth requirements for participation in the local government half-cent sales tax proceeds.
[5] The statute reads "subsequent to the effective date of chapter 82-154, Laws of Florida[.]" See, s. 29, Ch. 82-154, Laws of Florida, which provides that "[t]his act shall take effect April 19, 1982. . . ."
[6] Section 165.011, Fla. Statutes (1993).
[7] Section 165.021, Florida Statutes (1993).
[8] Section 165.041(1), Florida Statutes (1993).
[9] Section 165.061(1), Florida Statutes (1993), provides that:
(1) The incorporation of a new municipality, other than through merger of existing municipalities, must meet the following conditions in the area proposed for incorporation: (a) It must be compact and contiguous and amenable to separate municipal government. (b) It must have a total population, as determined in the latest official state census, special census, or estimate of population, in the area proposed to be incorporated of at least 1,500 persons in counties with a population of less than 50,000, and of at least 5,000 population in counties with a population of more than 50,000. (c) It must have an average population density of at least 1.5 persons per acre or have extraordinary conditions requiring the establishment of a municipal corporation with less existing density. (d) It must have a minimum distance of any part of the area proposed for incorporation from the boundaries of an existing municipality within the county of at least 2 miles or have an extraordinary natural boundary which requires separate municipal government. (e) It must have a proposed municipal charter which: 1. Prescribes the form of government and clearly defines the responsibility for legislative and executive functions. 2. Does not prohibit the legislative body of the municipality from exercising its powers to levy any tax authorized by the Constitution or general law.